MEMORANDUM **
Simon Alexcia, native and citizen of Indonesia, petitions for review of a Board of Immigration Appeals (“BIA”) order dismissing his appeal from an immigration judge’s (“IJ”) decision denying his application for asylum, withholding of removal, and relief under the Convention Against Torture (“CAT”). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, reversing only if the evidence compels the result, INS v. Elias- *537 Zacarías, 502 U.S. 478, 481 n. 1, 112 S.Ct. 812, 117 L.Ed.2d 88 (1992), and deny the petition for review.
Substantial evidence supports the BIA’s conclusion that Alexcia failed to establish he had experienced past persecution. See Prasad v. INS, 47 F.3d 336, 340 (9th Cir. 1995). Substantial evidence also supports the BIA’s conclusion that Alexcia failed to establish a well-founded fear of future persecution because, although he is a member of a disfavored group, he failed to demonstrate sufficient individualized risk of persecution. Cf Sael v. Ashcroft, 386 F.3d 922, 925-28 (9th Cir.2004). In addition, Alexcia introduced no evidence that ethnic Chinese Buddhists face a greater or more particularized threat of persecution than ethnic Chinese generally. See Kotasz v. INS, 31 F.3d 847, 854 (9th Cir.1994). Finally, substantial evidence supports the IJ’s finding that Alexcia failed to establish a pattern or practice of persecution against Chinese Buddhists in Indonesia. See Lo-long v. Gonzales, 484 F.3d 1173, 1178-81 (9th Cir.2007) (en banc).
Because Alexcia did not establish asylum eligibility, it necessarily follows that he did not satisfy the more stringent standard for withholding of removal. See Alvarez-Santos v. INS, 332 F.3d 1245, 1255 (9th Cir.2003).
Substantial evidence supports the BIA’s denial of CAT relief because Alexcia did not show it is more likely than not that he will be tortured if returned to Indonesia. See Hasan v. Ashcroft, 380 F.3d 1114, 1122-23 (9th Cir.2004).
PETITION FOR REVIEW DENIED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9 th Cir. R. 36-3.